UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:23-cr-77-3 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| LEZJON MANTZ, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On February 2, 2024, defendant Lezjon Mantz ("defendant" or "Mantz") was sentenced to a custody term of 15 months, to be followed by 3 years of supervised release, following his guilty pleas to the crimes of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 846; and attempted possession with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(C) and 846. (Doc. No. 111 (Judgment); *see* Minutes of Proceedings [non-document], 2/2/2024.)

Now before the Court is defendant's motion, pursuant to 18 U.S.C.§ 3582(c)(1)(A)(i), for compassionate release. (Doc. No. 117 (Motion).) In his motion, Mantz seeks an order reducing his sentence to time served and directing his immediate placement on supervised release, with the condition that the first eight months of his supervised release term be spent on either house arrest or at a halfway house. (*Id*. at 8.[1]) Plaintiff United States of America (the "government") does not

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

oppose defendant's motion to the extent it seeks early placement in a halfway house. (Doc. No. 118 (Response).) For the reasons that follow, defendant's motion is granted, under conditions described herein.

I.  **BACKGROUND**

On February 9, 2023, Mantz and three other individuals (including Mantz' son, Julian Mantz) were charged in a drug conspiracy. (Doc. No. 5 (Indictment).) On September 26, 2023, with the benefit of a plea agreement, defendant entered a plea of guilty to the two charges against him. (Minutes of Proceedings [non-document], 9/26/2023; *see* Doc. No. 76-1 (Plea Agreement).) At the time of sentencing, the Court made the following recommendations to the Bureau of Prisons ("BOP"): (1) that Mantz be placed at FCI Morgantown, so that he may be near his family; (2) that he be permitted to participate in any available trades programs offered at his facility; (3) that he be evaluated for substance abuse treatment, and that he receive such treatment, if indicated; and (4) that he "be considered for placement pursuant to the Second Chance Act at the earliest possible time and for the longest period provided by law." (Doc. No. 111, at 2.) Defendant is currently serving his sentence at FCI Ashland. His anticipated release date is May 1, 2025,[2] and he is currently slated to transition to a halfway house on January 30, 2025. (Doc. No. 117, at 2.)

In his motion for compassionate release, Mantz maintains that due to a 1998 misdemeanor conviction that was construed as a sex offense, he was designated to FCI Ashland, in Kentucky, instead of FCI Morgantown, and he was placed in FCI Ashland's sex offender unit. (Doc. No. 117, at 2.) Defendant complains that FCI Ashland offers few rehabilitative programs for inmates in the

---

[2] *See* https://www.bop.gov/inmateloc/ (lasted visited 9/24/2024).

2

sex offender unit, and, accordingly, he has not been able to avail himself of any such programs during his incarceration. (*Id.*) Mantz also notes that his brother is in "Stage 5 kidney failure and in desperate need of a kidney transplant." (*Id.*; Doc. No. 117-2 (Medical Records).) According to defendant, early placement on house arrest or at a halfway house will permit him to be tested to determine if he can serve as a kidney donor to his brother and allow him to return to work. (Doc. No. 117, at 3.)

## II. LAW AND DISCUSSION

The sentencing court has no inherent authority to reconsider and/or modify an otherwise valid sentence. *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Instead, the authority of the Court to resentence a defendant is limited by statute. *United States v. Houston*, 529 F.3d 743, 748–49 (6th Cir. 2008) (citing *United States v. Ross*, 245 F.3d 577, 585 (6th Cir. 2001)); *see United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019) ("Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute.") Under 18 U.S.C. § 3582(c), a court may only modify a term of imprisonment under the following circumstances: (1) upon a motion of the Director of the Bureau of Prisons ("BOP") or defendant for compassionate release; (2) as expressly permitted by statute or by Fed. R. Crim. P. 35; or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. § 3582(c)(1)–(2).

Mantz does not seek relief under Rule 35, nor does he claim that he was sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered. Instead, he claims that he is entitled to a compassionate release. Under § 3582(c)(1)(A), a district court may

3

grant a sentence reduction "only if it finds that the defendant satisfies three requirements: (1) 'extraordinary and compelling reasons warrant such a reduction'; (2) the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission'; and (3) the relevant § 3553(a) factors support the reduction." *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (quoting § 3582(c)(1)(A)(i); *United States v Elias*, 984 F.3d 516, 518 (6th Cir. 2021)); *see United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020). Additionally, exhaustion of administrative remedies is a mandatory claims-processing rule that must be satisfied before a defendant may seek compassionate release. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (citations omitted). Here, there is no dispute that Mantz has exhausted his administrative remedies. (*See* Doc. No. 117, at 3.)

The policy statement applicable to compassionate release motions, U.S.S.G. § 1B1.13, was recently amended (effective November 1, 2023) and describes six categories of extraordinary and compelling reasons that individually, or in combination, may support a request for compassionate release. These categories are: (1) medical circumstances of the defendant; (2) the age of the defendant; (3) a defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury"; (5) "other reasons" similar in gravity as those articulated in (1)–(4); and (6) an "unusually long sentence." § 1B1.13(b).

Mantz seeks a sentence reduction under the fifth category—other reasons—arguing that the combination of his brother's serious medical needs and his own placement at a BOP facility where he has few opportunities to participate in rehabilitative programming establishes the requisite extraordinary and compelling reasons necessary to be eligible for compassionate release. (*Id*. at 4–5.) The government appears to agree that Mantz's "unique circumstances[,]" which

4

include the afore-mentioned serious medical condition of a close family member and the lack of available rehabilitative programs at his facility, constitute sufficient "other reasons" to support a compassionate release. (Doc. No. 118, at 1.) The Court agrees with the parties and finds that Mantz has demonstrated the existence of extraordinary and compelling circumstances warranting a reduction under § 1B1.13(b)(5).

The Court further finds the § 3553(a) factors weigh in favor of a sentence reduction. While defendant's crimes—both involving drug trafficking—were serious, defendant's role in the charged drug trafficking conspiracy was relatively minor and was limited to assisting his son receive packages containing narcotics. (Doc. No. 101 (Final Presentence Investigation Report), at 5 ¶ 13; *see id*. ¶¶ 10–14.) Defendant also has a limited adult criminal history that scored 0 criminal history points and placed him in a criminal history category of I. (*Id*. at 16 ¶¶ 68–69.) As for his post-sentencing conduct, prison records demonstrate that Mantz has already served approximately one-half of his sentence without any disciplinary infractions. (*See* Doc. No. 117-1 (BOP Records).) Taken together (and in light of the limited prison programming offered at his facility and his brother's ongoing serious medical condition), the Court finds these facts demonstrate that a reduction in Mantz's sentence to time served as of October 7, 2024, with placement in a halfway house for the first six months of his supervision, will still promote respect for the law and reflect the seriousness of defendant's offenses.

### III. CONCLUSION

For the foregoing reasons, defendant's unopposed motion for compassionate release (Doc. No. 117) is granted. Defendant's term of imprisonment is reduced to time served as of October 7, 2024, followed by the three-year term of supervised release previously imposed, with the added

requirement that the first six (6) months of supervised release be served at an appropriate halfway house. This Order is stayed for up to fourteen (14) days, for the verification of defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure defendant's safe release. Defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure defendant's safe release, the parties shall immediately notify the Court and show cause why the stay should be extended. Defendant must provide the complete address where defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

**IT IS SO ORDERED**.

Dated: October 1, 2024

                                                    **HONORABLE SARA LIOI**
                                                    **CHIEF JUDGE**
                                                    **UNITED STATES DISTRICT COURT**